[Crim. No. 150.    Department Two.—October 22, 1896.]

## THE PEOPLE, RESPONDENT, *v.* GEORGE HARRIS, APPELLANT.

CRIMINAL LAW—BURGLARY—EVIDENCE—CORPUS DELICTI—ADMISSIONS OF DEFENDANT.—Upon the trial of a defendant charged with burglary with intent to commit larceny, evidence that the prosecuting witness had articles of personal property belonging to him in the house where he lived, at 6 o'clock P. M. of a certain day, and that about 9 o'clock P. M. of the same day, police officers came to his house with the defendant, and with said articles belonging to the witness, together with the testimony of the police officers that the defendant had the articles in his possession, and surrendered them to them, and went with them to the room of the prosecuting witness, and showed them the place in the room where he got them, is sufficient proof of the *corpus delicti* to justify evidence of the admissions of the defendant made to the officers, that he took the stuff because he was hard up, and expected to get a good price for it.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.    B. N. SMITH, Judge.

The facts are stated in the opinion of the court.

*R. A. Ling,* for Appellant.

Extrajudicial confessions of a defendant cannot be introduced in evidence until after the body of the offense has been proven. (*People* v. *Simonsen,* 107 Cal. 346; 3 Greenleaf on Evidence, sec. 30; *People* v. *Jones,* 31 Cal. 565; *People* v. *Thrall,* 50 Cal. 416; *People* v. *Alviso,* 55 Cal. 230; *People* v. *Barry,* 94 Cal. 481.)

*W. F. Fitzgerald, Attorney General, C. N. Post,* and *Henry E. Carter, Deputies Attorney General,* for Respondent.

Witness Lo Sam testified that he owned the articles found in the possession of defendant, and had lost them

from the house where he lived, while witness Hawley testified that he apprehended defendant with the stolen articles in his possession. This testimony was sufficient to establish the *corpus* of the crime. (*People* v. *Jones,* 31 Cal. 568; Wharton's Criminal Evidence, 9th ed., sec. 325; 3 Rice on Evidence, secs. 293, 297; *Willard* v. *State,* 27 Tex. App. 386; 11 Am. St. Rep. 197; *People* v. *Jaehne,* 103 N. Y. 182; Bouvier's Law Dictionary, tit. Corpus Delicti; *Knickerbocker* v. *People,* 43 N. Y. 177; *People* v. *Weldon,* 111 N. Y. 576; *People* v. *Levison,* 16 Cal. 98; 76 Am. Dec. 505; *People* v. *Chambers,* 18 Cal. 383; *People* v. *Kelly,* 28 Cal. 424; *People* v. *Rodundo,* 44 Cal. 541; *People* v. *Clough,* 59 Cal. 438; *People* v. *Velarde,* 59 Cal. 457; *People* v. *Etting,* 99 Cal. 578; *People* v. *Abbott,* 101 Cal. 647.) The conversation had between the witnesses Auble, Hawley, and Lo Sam, in the presence of the defendant, was admissible. (*People* v. *McCrea,* 32 Cal. 100; *People* v. *Rodundo, supra.*)

McFARLAND, J. — The defendant was convicted of burglary, the charge being that he feloniously, burglariously, etc., entered the house of one Lo Sam with intent to commit larceny. He appeals from the judgment and also from an order denying a new trial.

The only point made by appellant for a reversal is that the trial court erred in allowing the witnesses Auble and Hawley to testify as to certain statements made by the appellant—the contention being that there was no sufficient proof of the *corpus delicti* independently of said statements. But the witness Lo Sam had testified that he lived in a certain house; that he had certain articles of personal property in said house; that a part at least of said articles were in said house at 6 o'clock P. M. of the eighteenth day of December, 1895; that afterward, about 9 o'clock P. M. of the same day, the said witnesses Auble and Hawley, who were police officers, came to his, the witness Lo Sam's, house, having the appellant with them, and also the said articles of personal property belonging to said Lo Sam. The

testimony of said witnesses Auble and Hawley, to which
the objection was made, was substantially this: That be-
tween 8 and 9 o'clock P. M. of the same day they saw
the appellant some distance away from the house of said
Lo Sam; that said appellant had with him a tin box
containing opium dope, or "yen see"; that said wit-
nesses asked said appellant where he got the said box,
whereupon the appellant handed the said box, and also
some other things, called by said witnesses "the rest of
the stuff," to said witness Hawley; that appellant told
said witnesses that he had got the things in a laundry,
and would show them the place; that he took said wit-
nesses to the house of said Lo Sam, and, in the lan-
guage of one of said witnesses, "went right to the bunk
and showed us where he got the stuff." He said he took
it because he was hard up, and expected to get a good
price for it in Chinatown.

We think that the testimony of the witness Lo Sam,
and also the facts testified to by the witnesses Auble
and Hawley, independent of what appellant said, were
sufficient, within the rule of the most extreme cases on
the subject, to so show the *corpus delicti* as to justify the
admission of the said statements of the appellant. Ap-
pellant's counsel contend that the evidence does not
show, or even tend to show, that the appellant was ever
in the possession of the articles alleged to have been
stolen from the witness Lo Sam. This contention,
however, cannot be maintained. The prosecution was
no doubt somewhat careless in not asking the witnesses
more particularly about the specific articles stolen, or
in not seeing that the testimony was fully put into the
bill of exceptions. It is clear enough, however, that the
articles taken from the appellant by the said officers
were recognized by the witness Lo Sam as his missing
property; and a razor, the opium dust, and some other
articles, were specifically mentioned by the witnesses.
There was also an objection made to the question asked
the witness Lo Sam, whether, when the said two police

officers and the appellant were present at his house, either of them said anything to him about the things that were stolen; but the answer of the witness was of no consequence, he merely saying: " He, the defendant, did n't say anything, but the two men asked me if those things were mine. There was nothing else said about the things."

The judgment and order appealed from are affirmed.

HENSHAW, J., and TEMPLE, J., concurred.